**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| DEWON GREER,<br>℅ The Law Office of L. R. Nicks, LLC<br>12600 Deerfield Parkway, Suite 100<br>Alpharetta, Georgia 30004<br><br>     *Plaintiff*,<br><br>vs.<br><br>Hall County, Georgia<br>*A Local Government*<br><br>   **Serve on:**<br>   Richard Higgins, Commission Chairman<br>   2875 Browns Bridge Road<br>   Gainesville, GA 30504<br><br>Sheriff Gerald Couch,<br>*In his Individual and Official Capacity*<br>2859 Browns Bridge Road<br>Gainesville, Georgia 30504<br><br>Officer Johnathan Harris (#9111),<br>*In his Individual and Official Capacity*<br>2859 Browns Bridge Road<br>Gainesville, Georgia 30504<br><br>Officer Richard Parr (#9396),<br>*In his Individual and Official Capacity*<br>2859 Browns Bridge Road<br>Gainesville, Georgia 30504<br><br>Officer Katelyn Rounds (#9722),<br>*In her Individual and Official Capacity*<br>2859 Browns Bridge Road<br>Gainesville, Georgia 30504<br><br>Officer Johnnie L. Smith (#9757)<br>*In Individual and Official Capacity*<br>2859 Browns Bridge Road<br>Gainesville, Georgia 30504 | **CASE NO.**<br><br><br><br>**JURY TRIAL DEMAND** |

1

Lieutenant Jeff Ashley (#5276),
*In his Individual and Official Capacity*
2859 Browns Bridge Road
Gainesville, Georgia 30504

Officer Jason Roberto Orellana,
*In his Individual and Official Capacity*
2859 Browns Bridge Road
Gainesville, Georgia 30504

Officer Brody L. Grindle (#9856),
*In Individual and Official Capacity*
2859 Browns Bridge Road
Gainesville, Georgia 30504

Officer Bowles (# Unknown),
*In Individual and Official Capacity*
2859 Browns Bridge Road
Gainesville, Georgia 30504

Officer Murray (# Unknown),,
*In Individual and Official Capacity*
2859 Browns Bridge Road
Gainesville, Georgia 30504

    *Defendants*.

## COMPLAINT

1. COMES NOW the Plaintiff, DEWON GREER, by and through his attorneys, and complaining of Defendants, for acts or omissions of Sheriff Gerald Crouch, Officer Johnathan Harris, Officer Richard Parr, Officer Katelyn Rounds, Officer Johnnie L. Smith, Lieutenant Jeff Ashley, Officer Jason Roberto Orellana, Officer Brody Grindle, Officer Bowles, Officer Murray, and, states and alleges as follows:

## INTRODUCTION

2. Plaintiff Greer seeks to recover damages for the unreasonable and excessive force inflicted upon him at the Hall County Jail by Hall County Sheriff's Officers who

subjected Plaintiff to unreasonable, unnecessary, and gratuitous pain and restraint in retaliation for loud, intoxicated, or alleged noncompliant behavior when said Plaintiff-detainee was restrained in a secure environment, was not posing a threat to the safety of himself or others, and there was no present justification for the use of such force. Defendants are law enforcement officers who have created, and now further perpetuate, a policy and practice of unlawful use of unreasonable and excessive force with impunity and without redress or correction. Defendants not only condone and fail to control unconstitutional activity by its officers, they have endorsed and encouraged it through gross negligence, indifference, and disdain for the constitutional rights of the Plaintiff.

## JURISDICTION, VENUE, and PRE-SUIT REQUIREMENTS

3. This Court has original jurisdiction over federal questions pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1983, 1988.

4. The venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Northern District of Georgia. Moreover, upon information and belief, all of the Defendants reside in this Judicial District.

5. This court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

6. Plaintiff has satisfied the statutory requirements for presenting his claim to Hall County, Georgia. Claim was issued via certified mail, return receipt requested on 09/06/2022.

## PARTIES

7. Plaintiff, DEWON GREER (hereinafter Mr. Greer), is a natural person who is, at all times relevant, a citizen and resident of Henry County, Georgia.

3

8. Defendant HALL COUNTY, GEORGIA is a local government in the State of Georgia.

9. Defendant Hall County SHERIFF GERALD COUCH (hereinafter Sheriff Couch) is a real person who at all times material hereto was the duly elected Sheriff of Hall County, Georgia.

10. Defendant OFFICER JOHNATHAN HARRIS (hereinafter Officer Harris) is a real person who at all times material hereto was employed by the Hall County Sheriff's Office.

11. Defendant OFFICER BRODY L. GRINDLE (hereinafter Officer Grindle), badge #9856, is a real person who at all times material hereto was employed by the Hall County Sheriff's Office.

12. Defendant OFFICER RICHARD PARR (hereinafter Officer Parr) is a real person who at all times material hereto was employed by the Hall County Sheriff's Office.

13. Defendant OFFICER KATELYN ROUNDS (hereinafter Officer Rounds) is a real person who at all times material hereto was employed by the Hall County Sheriff's Office.

14. Defendant LIEUTENANT JEFF ASHLEY (hereinafter Lieutenant Ashley) is a real person who at all times material hereto was employed by the Hall County Sheriff's Office.

15. Defendant OFFICER JOHNNIE L. SMITH (hereinafter Officer Smith) is a real person who at all times material hereto was employed by the Hall County Sheriff's Office.

16. Defendant OFFICER JASON ROBERTO ORELLANA (hereinafter Officer Orellana) is a real person who at all times material hereto was employed by the Hall County Sheriff's Office.

17. Defendant OFFICER BOWLES (hereinafter Officer Bowles) is a real person who at all times material hereto was employed by the Hall County Sheriff's Office.

18. Defendant OFFICER MURRAY (hereinafter Officer Murray) is a real person who at all times material hereto was employed by the Hall County Sheriff's Office.

## CONSTITUTIONALLY PROTECTED INTERESTS

19. As a citizen of the United States, MR. GREER is protected against conduct by state actors done with malice and/or reckless disregard for his rights under the Fourteenth Amendment to the United States Constitution.

20. The defendants' conduct demonstrates malice and reckless disregard toward Greer's rights, thereby violating his rights under the Fourteenth Amendment of the United States Constitution. The deliberate and reckless disregard shown by Officer Harris, Officer Parr, Officer Rounds, Lieutenant Ashley, Officer Orellana, Officer Bowles, Officer Grindle, Officer Smith and Officer Murray, who are all employed by the Hall County Sheriff's Office, towards Mr. Greer's right to be free from excessive use of force while being a detainee at the time of the incident, the denial of adequate and proper medical assistance after being injured by the officers, and the carelessness and irresponsibility demonstrated during his detention are evidence of the violation of Mr. Greer's constitutional rights.

## STATEMENT OF RELEVANT FACTS

21. On September 18, 2021, Mr. Greer was detained and arrested by the Georgia State Patrol for a Child Support Driver License suspension.

22. Mr. Greer informed the arresting officers that he had already resolved his child support issue, provided proof of payment, and electronically reinstated his Driver License with the Department of Driver Services.

5

23. The arresting officers disregarded Mr. and Mrs. Greer's pleas to check the receipts and paperwork regarding the child support matter.

24. Mr. Greer was arrested for several traffic infractions, which were later dismissed, and was transported to the Hall County Jail for booking.

25. Upon arriving at the Hall County Jail garage, Mr. Greer encountered Hall County Sheriff Officers and jail employees. The officers exhibited unprofessional behavior, contrary to the expected professional conduct of jail officers, including Officer Rounds vaping while on duty in the sally port, mere seconds prior to Mr. Greer's arrival into the sally port to be processed into the jail facility.

26. Despite Mr. Greer stating that he was not a threat and not resisting officers, they threatened him with punitive actions and forced him onto his knees. Mr. Greer was forcefully slammed on his face and head against the concrete jail wall and floor while his hands were handcuffed behind his back, as officers were trying to force Mr. Greer on "both of his knees" by staff commands, causing him to lose consciousness and sustain serious bodily injury.

27. After Mr. Greer was knocked unconscious, one of the assisting detention officers said "Good, you knocked his ass out". When Mr. Greer regained consciousness, the area surrounding his eye and eyebrow was bleeding profusely, severely swollen, lacerated, and enlarged .

28. Instead of promptly providing necessary medical care, Mr. Greer was subjected to punishment by the officers when he demanded medical attention. Mr. Green was humiliated, unnecessarily stripped, forced to the floor of the dirty cell, and hog-tied in a WRAP restraint under the false pretext of being a threat to himself.

29. The Hall County Jail Officers intentionally mistreated Mr. Greer during the booking process, disregarding Hall County Jail Policies.

30. Mr. Greer's cell conditions were inhumane, with feces, urine, and old food on the floor, resulting in his bleeding eye being exposed to the unsanitary and dangerous conditions..

31. The defendant officers joked and laughed about Mr. Greer smelling like "shit", due to being placed in the dirty cell while threatening to put him back in the same dirty cell again if he didn't "shut up."

32. As a result of the actions of the defendant officers, Mr. Greer now suffers from ongoing effects of his physical, mental, and emotional injuries. Mr. Greer has been diagnosed with Post-Traumatic Stress Disorder (PTSD), has endured several reconstructive dental procedures, and has permanent scarring and structural impairment of his eye.

## **COUNT I**
### **42 USC § 1983 - Deprivation of Federal Rights**
(Against All Defendants)

33. Plaintiff incorporates as if fully stated herein all of the allegations contained in preceding paragraphs.

34. Defendants' behavior was, at all times, instigated by and dependent upon the exercise of the Hall County, Georgia's governmental authority.

35. At all relevant times Defendant Sheriff exercised coercive power and control over the behavior of Defendant Officers in directing when, where, and how to train its officers, as well as encouraging overtly the practice of using force to control detainees held in the Hall County Jail.

36. The conduct of defendants caused the plaintiff Dewon Greer to be deprived of rights privileges and or immunities secured by the constitution and the laws of this land.

37. At all times herein, defendants were acting undercover of statutes, ordinances, regulations, customs and usage of the laws of the State of Georgia, and defendant Hall County, Georgia, and as such constituted violation of Title 42 USC, sec. 1983.

38. As a direct and proximate consequence of the conduct alleged herein, the Defendants deprived Plaintiff Dewon Greer of the following clearly established rights under the Fourth, and Fifth Amendments of the United States Constitution:

      a.  the right to be free from excessive and unreasonable force and seizure;

      b.  the right to be free from deprivation of life and liberty without due process of law;

      c.  the right to be free from summary punishment.

39. The Constitutional deprivations to Dewon Greer are a direct result of the official custom, practice, or policy of Hall County, Georgia through its Sheriff's Office, permitting use of excessive force that caused the alleged constitutional violation.

40. Plaintiff Greer sustained actual physical and emotional injuries as a result of the Defendants' actions, causing conscious pain and suffering, extensive medical treatment, which has adversely impacted the future earnings of Mr. Greer.

## COUNT II
### Violation of 42 U.S.C. § 1983 - Excessive Use of Force
(Against Officers Harris, Parr, Rounds, Orellana, Bowles, Grindle, Murray, and Lieutenant Ashley)

41. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

42. On September 18, 2021, defendants, acting under color of law, detained Mr. Greer by using excessive force against him, thereby violating his constitutional rights under the Fourth Amendment, as protected by 42 U.S.C. §§ 1983. The unjustified and severe

physical violence inflicted upon the plaintiff resulted in significant injury and emotional distress.

43. The use of excessive force by the defendants was unreasonable and disproportionate, as the plaintiff presented no threat to the defendant officers or himself at the time of the incident. The actions of the defendants surpassed that which was reasonable, necessary, and appropriate under the circumstances, thereby flagrantly violating Mr. Greer's rights as guaranteed by the United States Constitution.

44. Mr. Greer explicitly stated that he was not a threat, was not resisting officers, and heeded the officers' instructions. Nevertheless, the defendants threatened him with punitive actions and forcefully compelled him onto his knees. While in handcuffs, defendant officers brutally slammed Mr. Greer on his face while attempting to force him onto both of his knees, causing him to be concussed, experiencing trauma to his mouth, and causing a serious laceration to his eye.

45. Defendant officers demonstrated extreme indifference toward Mr. Greer and the harm he experienced at the hands of Hall County, Georgia officers. After Mr. Greer's head was slammed against the wall and floor of the cell, one officer exclaimed with glee, "Good, you knocked his ass out." The statement was made as Mr. Greer temporarily lost consciousness after being slammed against the cell wall, and while in handcuffs. Defendants' conduct further exemplifies the disproportionate, unreasonable, unnecessary, and unlawful use of excessive force against Mr. Greer.

46. As a direct consequence of the excessive force employed by the defendants, Mr. Greer suffered severe physical injuries requiring extensive medical treatment, leading to lasting

pain and suffering. Additionally, the plaintiff endured emotional distress, humiliation, and a profound loss of trust in law enforcement and the justice system.

47. The conduct of the defendants was the proximate cause of Mr. Greer's personal injuries, pain, and suffering.

## COUNT III
**Violation of 42 U.S.C. § 1983 - Failure to Intervene**
(Against Officers Harris, Parr, Rounds, Orellana, Bowles, Grindle, Murray,
and Lieutenant Ashley)

48. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

49. The defendants had a clear and unequivocal duty to intervene to prevent the injuries inflicted upon the plaintiff, thereby safeguarding his constitutional rights as guaranteed by the Fourth Amendment.

50. Despite being eyewitnesses to the use of excessive force against Mr. Greer, the defendants failed to intervene to prevent or stop the ongoing constitutional violation.

51. Defendant Officers had a duty to intervene and protect Mr. Greer from the use of excessive force by their fellow officers, but they willfully neglected to do so, resulting in further harm and injury to Mr. Greer.

52. The defendants' failure to intervene, specifically when injuries were inflicted upon Mr. Greer by the other officers, constitutes a blatant breach of their duty to protect and uphold the constitutional rights of individuals under their custody.

53. By their inaction, the defendants allowed the blatant violation of Mr. Greer's Fourth Amendment rights and failed to fulfill their duties and obligations as law enforcement officers.

54. This failure to intervene by the defendants is the direct and proximate cause of Mr. Greer's injuries, pain, and immense suffering.

## COUNT IV
**Violation of Rights Under the Georgia Constitution, Article 1 Section 1, Paragraphs I, II, V, VII, XIII, and XVII: Deprivation of Life, Liberty and Property; Equal Protection; Freedom of Speech; Citizens Protections; Against Unlawful Seizure; Right Against Abuse of Prisoners**
(Against All Defendants)

55. Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

56. This Count is brought by Plaintiff against the Defendants as identified herein, jointly and severally.

57. The individual Defendants identified herein are sued in their individual capacities.

58. At all times relevant to this Complaint, Officer Defendants were acting under the color of state law as officers employed by Defendant Hall County, Georgia.

59. Defendants violated Plaintiff's civil rights and due process as set forth in the Georgia Constitution and the Bill of Rights, including Article I. Their actions were without provocation and without justification and were done with the intent to violate Plaintiff's civil rights.

60. Defendants violated Plaintiff Greer's civil rights when, without justification or cause defendants, assaulted, battered, intended to injure, used excessive force, punished, and denied medical care to Mr. Greer.

61. Defendants engaged in intentional acts of misconduct, including, excessive force, and false imprisonment, which violated Plaintiffs' civil rights and due process.

62. Defendants intended to harm Plaintiff Greer when, with excessive force and without probable cause, they physically restrained Mr. Greer in a WRAP. Defendants further intended to harm Plaintiff when, without legal justification, they intentionally caused him to be denied medical treatment required to address the physical and emotional harm committed against Mr. Greer.

63. The force used by Defendants was intentional, excessive, objectively unreasonable, absent any lawful justification or excuse, unconstitutional, and unlawful in the restraint and/or apprehension of Plaintiff.

64. Defendants' conduct was without legal justification and was improperly motivated by ill will and actual malice. There was no proper motivation or legal justification to warrant the arrests in the first place nor the subsequent false imprisonments. Defendants engaged in intentional acts of misconduct, including excessive force, and false imprisonment which violated Plaintiff's civil rights and due process.

65. Defendants acted as the Hall County, Georgia's and the State's agents, servants, and/or employees, when they employed excessive force and detained Plaintiff without provocation or justification. Further, Defendants employed excessive force when they detained, searched, and assaulted Plaintiff without legal basis or justification.

66. The force used by Defendants was unconstitutional, intentional, excessive, objectively unreasonable, conscience shocking, and absent any lawful justification or excuse. Defendants' conduct lacked any legal rationale, and, as such, Plaintiffs are entitled to compensatory and punitive damages from Officer Defendants individually, and from Defendant Sheriff Couch under the theory of respondeat superior because Defendant

Couch is vicariously liable to Plaintiff for Officer Defendants' violations of Plaintiff's rights under Article I of the Georgia Constitution.

67. As a direct and proximate result of Defendants' actions or omissions identified herein, Plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, loss of consortium, and other expenses. Plaintiffs' liberty and property were deprived without the judgment of his peers or by the law of the land.

### COUNT V
**42 U.S.C. §1983 - Unconstitutional Custom, Pattern and/or Practice of Failure to Train and Supervise**
*(Monell Claim)*
(Against Hall County, Georgia)

68. Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

69. This Count is brought by plaintiff against all Defendants identified herein, jointly and severally.

70. Under the Fourth and Fourteenth Amendments to the U.S. Constitution, Defendant Hall County, Georgia is prohibited from engaging in and permitting its officers to engage in a pattern, practice, policy or custom of violating citizens' civil rights, and it is obligated to train and supervise officers in the recognition and handling of incidents of corruption, misuse of police powers, and civil rights violations committed by Defendant Hall County, Georgia's officers, as well as recognizing patterns of systemic perpetuation of the same.

71. At all relevant times, Defendant Hall County, Georgia, directly and through its officers and agents had an obligation to ensure that its officers, employees, and agents exercised

the same degree of care that a reasonable and prudent person would exercise in the same or similar situation with respect to the training, supervision, and oversight of all employees, agents, and officers under its direction and control.

72.  As identified supra, the training, supervision, and oversight required by Defendant Hall County, Georgia regarding incidents of misuse of police powers, and rights violations committed by Defendant Hall County, Georgia's officers was inadequate, insufficient, or nonexistent, and Defendant Hall County, Georgia, directly and through its employees, agents and officers, failed to exercise the requisite degree of care in the supervision of all employees, agents, and officers under its direction and control.

73.  Ranking officers and supervisors had actual or constructive knowledge of the pervasive and persistent pattern and practice that its officers were engaged in conduct that violated clearly established rights, and that this conduct posed an unreasonable risk of Constitutional injury to the plaintiff.

74. As identified supra, ranking officers and supervisors had actual or constructive knowledge that Hall County, Georgia officers were engaged in widespread misconduct over a period of years that posed an unreasonable risk of Constitutional injury to plaintiff and other citizens of Georgia. Hall County, Georgia officers' conduct was so persistent and pervasive that it represented a custom or usage with the force of law.

75.  In spite of this knowledge, Defendant Hall County, Georgia, including ranking officers and supervisors within Hall County, Georgia, took no action to prevent or remedy the misconduct by Hall County, Georgia officers. They were deliberately indifferent to the persistent Constitutional violations by Hall County, Georgia officers whom they directly

supervised. They routinely failed to supervise and discipline their officers, thus allowing the misconduct to continue and flourish.

76. As alleged herein, Defendant Hall County, Georgia engaged in a pattern, practice, policy, and/or custom of indifference to incidents of Defendant Hall County, Georgia officers using excessive and unlawful force in connection with subduing and/or apprehending individuals, and in so doing, it failed to properly supervise Defendant officers and employees in the proper handling of incidents of corruption, misuse of police powers, and Constitutional rights violations committed by Defendant Hall County, Georgia's officers. Defendant Hall County, Georgia's failure to adequately train and supervise further confirms the aforementioned pattern and practice. As alleged herein, Defendant Hall County, Georgia has engaged in a pattern, practice, policy, or custom of allowing Defendants, its officers, to use excessive and unlawful force, conduct illegal arrests, searches, and seizures, and improperly use police powers.

77. Defendant Hall County, Georgia was aware, and should have foreseen, that Defendant Hall County, Georgia's officers would confront situations as those that were presented by plaintiff. Instances involving illegal conduct similar to that which resulted in the deprivation of plaintiff's Constitutional rights and the injuries detailed supra, have previously been committed by Hall County, Georgia officers and have been similarly mishandled by Defendant Hall County, Georgia as alleged herein.

78. As alleged herein, the actions by all Defendants were objectively unreasonable, excessive, absent any lawful justification and/or excuse, and was in keeping with the unlawful pattern and practice, policy and/or custom of Defendant Hall County, Georgia.

79. As a direct and proximate result of Defendants' actions or omissions identified herein, plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses. Plaintiff's liberty and property were deprived without the judgment of his peers or by the law of the land.

80. Defendant Hall County, Georgia and all other officers identified herein subjected plaintiff to these deprivations of rights maliciously and/or acting with reckless disregard for or with deliberate indifference to plaintiff's rights, resulting in injuries.

81. Defendants' actions or omissions as described herein were intentional, wanton, willful, and constituted a blatant and reckless disregard for plaintiff's Constitutionally protected rights, and, as such, plaintiff is entitled to compensatory damages.

## <u>COUNT VI</u>
### Violation of First Amendment Free Speech – 42 U.S.C. § 1983
(Against All Defendants)

82. Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

83. At all relevant times, Defendant officers have acted—and continues to act—under color of state law.

84. Plaintiff engaged in constitutionally protected speech by verbally expressing disdain and disagreement at his unjustified arrest for failing to pay child support.

85. Defendant Officers engaged in use of excessive force, causing injuries to Plaintiff.

86. Defendants approved of and ratified the conduct of Defendant Officers and other Hall County Sheriff's officers who used such excessive force.

87. Defendant Hall County, Georgia is the final policymaker for all matters related to Hall County Sheriff's officer conduct. Their decisions regarding Hall County Sheriff's Office matters constitute the official policies of Defendant Hall County, Georgia.

88. Defendants' conduct is sufficient to deter a person of ordinary firmness from participating in constitutionally protected speech for fear of being subject to similar force, and did in fact attempt to deter and constrain Plaintiff from such speech.

89. Plaintiff reasonably feared the continued use of such excessive force.

90. Upon information and belief, Plaintiff has been actually chilled in his exercise of protected First Amendment rights.

91. Defendants Hall County, Georgia, has continued to approve Hall County Sheriff's officers' use of force, both expressly and by acquiescence.

92. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained the physical and emotional damages detailed above.

93. As a direct and proximate result of Hall County, Georgia's continued use of WRAP and other excessive restraints as approved by Defendant Hall County, Georgia, Plaintiff continues to experience emotional fear when asserting his constitutional rights.

## COUNT VII
### Violent injury or attempt to commit injury
#### Ga. Code Ann. § 51-1-14
(Against Officers Haris, Parr, Rounds, Orellana, Bowles, Murray, and Lieutenant Ashley)

94. Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

95. This Count is brought by Plaintiff against the Defendants as identified herein, jointly and severally.

96. The individual Defendants identified herein are sued in their individual capacities. At all times relevant to this Complaint, Defendants were acting under the color of state law as an officer employed by defendant Hall County, Georgia.

97. Defendants assaulted and battered Mr. Greer when they took his feet out from under him while he was restrained with his hands behind his back, forced him to lose his balance striking his head against the concrete wall of the cell, failed to take reasonable precautions against serious bodily and emotional injury, and forced Mr. Greer to the ground leaving him temporarily dazed and concussed. Defendants intended to unlawfully invade Mr. Greer's physical well-being through harmful or offensive contact.

98. Defendants assaulted and battered Mr. Greer when they physically placed him in a WRAP restraint restricting his movement, without Mr. Greer's consent and under the pretext of Mr. Greer being a threat to himself. Dependents intended to unlawfully invade Mr. Greer's physical well-being through harmful or offensive contact.

99. Defendants acted as Hall County, Georgia's agent, servant, and/or employee, when they employed excessive force, assaulted, and battered Greer, by employing excessive force in the detention of Greer without legal basis or justification.

100.   Defendants' conduct was without legal justification and was improperly motivated by ill will and actual malice.

101.   Defendant's intentional actions caused Greer to be put in reasonable apprehension of immediate touching, to which he did not consent.

102.   Greer was physically and emotionally injured by the continued unlawful actions of Defendants, including the assault upon him.

103. As a result of these acts, Plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses. Plaintiff's liberty and property were deprived without the judgment of his peers or by the law of the land.

**COUNT VIII**
**Gross Negligence - 42 U.S.C. § 1983**
(Against All Defendants)

104. Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

105. This Count is brought by plaintiff against the Defendants as identified herein, jointly and severally.

106. The individual Defendants identified herein are sued in their individual capacities. At all times relevant to this Complaint the individual Defendants were acting under the color of state law as officers employed by Defendant Hall County, Georgia.

107. Defendants had a duty to conduct themselves in accordance with the law and Constitutional guarantees, and they had a duty to exercise due care when encountering citizens such as the plaintiff, to avoid causing physical or mental injury.

108. However, Defendants breached their duty when they engaged in intentional, willful and wanton misconduct and with a reckless disregard for human life or the rights of Plaintiff. Defendants intentionally inflicted bodily injury to Plaintiff Greer and acted with utter indifference to Plaintiff's rights and wellbeing.

109. Defendants' gross negligence was the proximate cause of the injuries that Plaintiff Greer sustained. All of Plaintiff's injuries were caused solely by the negligence of Defendants without any contributory negligence by Plaintiff.

110.     Defendants' conduct was without legal justification and was improperly motivated by ill will and actual malice. Defendants intended to harm Plaintiff Greer when, with excessive force and without justification, they assaulted and battered him. Defendants further intended to harm Plaintiff when, without legal justification, they intentionally caused him to be seriously, physically and mentally injured.

111.     As a result of these acts, Plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses. Plaintiff's liberty and property were deprived without the judgment of their peers or by the law of the land.

### COUNT IX
### Negligent Hiring, Training, Supervision and Retention
(Against Defendants Hall County, Georgia and Sheriff Couch)

112.     Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

113.     This Count is brought by Plaintiff against all Defendants identified herein, jointly and severally.

114.     The individual Defendants identified herein are sued in their individual capacities.

115.     At all times relevant to this Complaint, Defendants were acting under the color of state law as officers employed by Defendant Hall County, Georgia.

116.     Defendant Hall County, Georgia maintained a duty to use reasonable care in hiring, training, supervising and retaining individuals who were competent and fit to perform the duties of a police officer.

117.     Defendants Hall County, Georgia and Sheriff Couch knew or should have known that the Officer Defendants proved unfit for their assigned duties. The Defendants are

20

obligated to train and supervise officers in the recognition and handling of incidents of corruption, misuse of police powers, and rights violations committed by Defendant Hall County, Georgia's officers, as well as recognizing patterns of systemic perpetuation of the same.

118.    At all relevant times, Defendants Hall County, Georgia, and Sheriff Couch directly and through its officers and agents had an obligation to ensure that its officers, employees, and agents, exercised the same degree of care that a reasonable and prudent person would exercise in the same or similar situation with respect to the training, supervision, and oversight of all employees, agents, and officers under its direction and control.

119.    As identified supra, the training, supervision, and oversight required by Defendants Hall County, Georgia and Sheriff Couch regarding incidents of misuse of police powers, and rights violations committed by Defendant Hall County, Georgia's officers was inadequate, insufficient, or nonexistent, and Defendant Hall County, Georgia, directly and through its employees, agents and officers, failed to exercise the above requisite degree of care in the supervision of all employees, agents, and officers under its direction and control.

120.    Defendants Hall County, Georgia and Sheriff Couch, through their agents and employees, supervised the Officer Defendants prior to and during the events at issue.

121.    The ranking officers and supervisors had actual or constructive knowledge of the pervasive and persistent pattern and practice that its officers were engaged in conduct that violated citizen's clearly established rights, and that this conduct posed an unreasonable risk of Constitutional injury to Plaintiff.

122. In spite of this knowledge, Defendants Hall County, Georgia and Sheriff Couch took no action to prevent or remedy the misconduct by Hall County, Georgia officers or terminate these individuals' employment. Hall County, Georgia and Sheriff Couch were deliberately indifferent to the persistent Constitutional violations by Hall County, Georgia officers whom they directly supervised. In breach of their duties, they routinely failed to supervise and discipline their officers, thus allowing the misconduct to continue and flourish.

123. Defendants Hall County, Georgia and Sheriff Couch knew or should have known that the Officer Defendants would come into contact with the public, including Plaintiff, meaning that the risk Officer Defendants would violate the Constitutional rights of Plaintiff was foreseeable.

124. Defendants Hall County, Georgia and Sheriff Couch failed to properly supervise its officers and employees in the proper handling of incidents of corruption, misuse of police powers, and civil rights violations committed by Defendant Hall County, Georgia's officers.

125. It was readily foreseeable and highly predictable that failing to properly supervise Defendant Hall County, Georgia's officers in the proper handling of incidents of corruption, misuse of police powers, and rights violation committed by Defendant Hall County, Georgia's officers would, and in fact did, result in the violation of plaintiff's Constitutional rights as alleged herein and Defendant Hall County, Georgia was indifferent to same.

126. As a direct and proximate result of Defendants' actions or omissions identified herein, Plaintiff sustained physical, emotional, mental, and financial injuries, including,

but not limited to, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses. Plaintiff's liberty and property were deprived without the judgment of his peers or by the law of the land.

127.    Defendants Hall County, Georgia and all other officers identified herein subjected Plaintiff to these deprivations of his rights with reckless disregard for or with deliberate indifference to whether Plaintiff's rights would be violated by their actions and that such actions were the moving force in having such rights violated and incurring injuries.

128.    Defendants Hall County, Georgia's and Sheriff Couch's actions or omissions as described herein, were intentional, wanton, willful, and a blatant and reckless disregard for plaintiff's Constitutionally protected rights, and, as such, Plaintiff is  entitled to compensatory damages from Defendants, jointly and severally.

## COUNT X
### Intentional Infliction of Emotional Distress
(Against All Defendants)

129.    Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

130.    This Count is brought by Plaintiff against the Defendants as identified herein, jointly and severally.

131.    The individual Defendants identified herein are sued in their individual capacities. At all times relevant to this Complaint, Defendants were acting under the color of state law as Sheriff's officers employed by Defendant Hall County, Georgia.

132.    Defendants intentionally subjected Mr. Greer to emotional distress when they took his feet out from under him while he was restrained with his hands behind his back, forcing

him to lose his balance, striking his head and face against the concrete wall of the cell and failing to take reasonable precautions against serious bodily and emotional injury.

133.     Defendants forced takedown of Mr. Greer to the ground which left him temporarily dazed and concussed. Defendants intended to unlawfully invade Mr. Greer's physical well-being through harmful or offensive contact.

134.     Defendants intentionally subjected Mr. Greer to emotional distress when they physically placed him in a WRAP restraint restricting his movement, without Mr. Greer's consent and under the pretext of Mr. Greer being a threat to himself. Defendants intended to unlawfully invade Mr. Greer's physical well-being through harmful or offensive contact.

135.     Defendants intentionally subjected Mr. Greer to emotional distress when they ignored his pleas for medical attention after sustaining the serious injury to his eye, which continued to bleed profusely for hours.

136.     Defendants acted as Hall County, Georgia's agent, servant, and/or employee, and their conduct towards Plaintiff was malicious, wilful, and wanton and caused emotional distress to Plaintiff, whether they actually intended to cause such distress or not.

137.     Defendants' conduct was without legal justification and was improperly motivated by ill will and actual malice.

138.     Defendant's intentional actions caused Greer to be put in reasonable apprehension of immediate touching to which he did not consent.

139.     Greer was physically and emotionally injured by the continued unlawful actions of Defendants, including the assault upon him.

140.    As a result of these acts, Plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses. Plaintiff's liberty and property were deprived without the judgment of his peers or by the law of the land.

141.    Defendants' assault and battery of Plaintiff was meant to inflict extreme and outrageous emotional distress or, at a minimum, Defendants' recklessly and willfully disregarded the consequences of their actions and their knowledge that said actions would likely cause such significant emotional distress.

142.    As a direct and proximate result of the Defendants' conduct, Plaintiff suffered extreme emotional distress and now suffers from post-traumatic stress disorder (PTSD) as a result of the unlawful conduct of Hall County, Georgia officers.

## COUNT XI
### Violation of Rights Under the Eighth Amendment of the U.S. Constitution
(Against Officers Haris, Parr, Rounds, Orellana, Bowles, Murray, and Lieutenant Ashley)

143.    Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

144.    The plaintiff, Mr. Greer, alleges that the defendants, the HALL COUNTY SHERIFF'S OFFICE Officers, subjected him to cruel and unusual punishment.

145.    Mr. Greer was subjected to cruel and unusual punishment when the defendants placed him in a cell with unsanitary and inhumane conditions. The cell was littered with feces, urine, and rotten food on the floor.

146.    Mr. Greer was subjected to cruel and unusual punishment when the defendants placed him in a WRAP restraint device. Mr. Greer was subjected to humiliation, unnecessary stripping, forced to his knees and placed in a WRAP restraint under the false assertion of

being a threat to himself, even though Mr. Greer stated repeatedly that he was not a threat and complied with the defendants' commands.

147.    The defendants' actions in subjecting Mr. Greer to such inhumane conditions were deliberate and intentional, demonstrating a conscious disregard for his health, safety, and well-being.

148.    The defendants had a duty to treat Mr. Greer with respect and provide him with humane conditions when he was in their care and custody. However, they intentionally abused him physically and emotionally, disregarding Hall County Jail General Orders, policies and procedures.

149.    The defendants continued their mistreatment of Mr. Greer by making derogatory and demeaning comments about him, joking and laughing about him smelling like "shit" due to the unsanitary conditions he was forced to endure. Defendants further threatened to return him to the same dirty cell if he continued to protest or express his discomfort.

150.    The cruel and unusual punishment and intentional mistreatment inflicted upon Mr. Greer resulted in severe physical and emotional suffering, violating his fundamental rights to be free from cruel and unusual punishment and to be treated with dignity and respect.

151.    The defendants' conduct in subjecting Mr. Greer to such conditions and mistreatment was not justified by any legitimate purpose. Instead, it served to inflict unnecessary and excessive harm on Mr. Greer.

152.    This cruel and unusual punishment by the defendants is the direct and proximate cause of Mr. Greer's injuries, pain, and immense suffering.

## COUNT XII
### Punitive Damages

153.    Plaintiff incorporates by reference, as if fully set herein, all of the preceding paragraphs of this Complaint in their entirety.

154.    Defendants' behavior on September 18, 2021 demonstrated, by clear and convincing evidence, that Defendants' actions showed willful misconduct, actual malice, wanton and reckless behavior, and physical and emotional oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.

155.    Further, the behavior of the Defendants on September 18, 2021, demonstrates that the Defendants acted with the specific intent to cause harm such that there is no limitation regarding the amount which may be awarded as punitive damages against Defendant.

## COUNT XIII
### Indemnification

156.    Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

157.    Under Georgia law, public entities are directed to pay any tort judgment for which their employees are liable within the scope of their employment.

158.    Officer Defendants are or were employees of Defendant Hall County, Georgia, and they acted within the scope of their employment and in accordance with accepted custom and usage when they committed the misconduct described herein.

159.    Accordingly, Defendant Hall County, Georgia is required to indemnify any and all of the individual Defendants against whom judgments are entered in this case.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following reliefs:

(a) Judgment entered in favor of Plaintiff and against Defendant on Counts I-XIII of Plaintiff's complaint and an award for compensatory damages;

(b) An award for non-economic damages to the Plaintiff in an amount determined by the jury to be fair, reasonable, and consistent with findings of fact;

(c) An award for non-economic damages to the Plaintiff, the statutory beneficiaries for loss of society and companionship in an amount determined by the jury to be fair and reasonable;

(d) An award for economic damages in an amount determined by the jury to be fair and reasonable;

(e) An award of prejudgment interest, attorneys fees, costs, and post-judgment interest in favor of the Plaintiff and against the Defendant; and

(f) Such further and other legal and equitable relief as the Court may deem just and necessary under the circumstances.

## PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

Dated this 18th day of September 2023.

**The Law Firm of L.R. Nicks, LLC**

By: /s/ LaRhonda Nicks
LaRhonda Nicks, Esq., Bar No. 553465
Attorney At Law
12600 Deerfield Parkway, Suite 100
Alpharetta, Georgia 30004
attorneynicks@lrnicks.com
 (770) 628-0330 (o); (770) 637-8122 (f)
*Attorney for Plaintiff*

28

**The LaMarr Firm, PLLC**

By: /s/ B'Ivory LaMarr
B'Ivory LaMarr, Bar No. 103980
5718 Westheimer Rd., Suite 1000
Houston, TX 77057
Phone: (800) 679-4600 ext. 700
blamarr@bivorylamarr.com
*Attorney for Plaintiff*


**The Yeary Firm, LLC**

By: *Pro Hoc Vice to be filed*
Sheridan Todd Yeary
P.O. Box 682
Columbia, MD 21045
(202) 770-7204 (o); (410) 275-3199 (f)
styeary@yearylegal.com
*Attorney for Plaintiff*